The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

OMNI INNOVATIONS, LLC, a
Washington limited liability company;
and JAMES S. GORDON, JR., a married
individual,

                  Plaintiffs,

    v.

BMG COLUMBIA HOUSE, INC., a New
York corporation; and JOHN DOES, 1-X,

                  Defendants.

No. 06-cv-01350-JCC

**DEFENDANT BMG COLUMBIA**
**HOUSE, INC.'S ANSWER TO**
**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT**

       Defendant, BMG Columbia House, Inc. ("Defendant") answers and asserts

affirmative defenses to Plaintiffs' Second Amended Complaint (the "SAC"), as follows:

**I.  ANSWER**

1.      Defendant is without knowledge and information sufficient to form a belief with

respect to the veracity of the allegations in Paragraph 1 of Plaintiffs' SAC, and therefore

DENIES the same.

2.      Defendant is without knowledge and information sufficient to form a belief with

respect to the veracity of the allegations in Paragraph 2 of Plaintiffs' SAC, and therefore

DENIES the same.

3.      Defendant ADMITS that Defendant is a corporation incorporated pursuant to the

DEF. BMG COLUMBIA HOUSE, INC.'S ANSWER
TO PLS.' SECOND AM. COMPL.
[06-cv-01350-JCC] - 1

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Dockets.Justia.com

laws of the State of Delaware and has its principal place of business in New York, New York.  Defendant DENIES all other allegations contained in Paragraph 3 of Plaintiffs' SAC.

4.    Defendant provides the statutes cited in Paragraph 4 of Plaintiffs' SAC speak for themselves, and Plaintiffs' interpretation of those statutes is not a factual allegation which must be admitted or denied. Defendant DENIES all allegations contained in Paragraph 4 of Plaintiffs' SAC.

5.    Defendant provides the statute cited in Paragraph 5 of Plaintiffs' SAC speaks for itself, and Plaintiffs' interpretation of that statute is not a factual allegation which must be admitted or denied.  Defendant DENIES all allegations contained in Paragraph 5 of Plaintiffs' SAC.

6.    Defendant provides the statute cited in Paragraph 6 of Plaintiffs' SAC speaks for itself, and Plaintiffs' interpretation of that statute is not a factual allegation which must be admitted or denied.  Defendant DENIES all allegations contained in Paragraph 6 of Plaintiffs' SAC.

7.    Defendant DENIES Plaintiff James S. Gordon, Jr. ("Gordon") is an interactive computer service or Internet access service.  Defendant is without knowledge and information sufficient to form a belief with respect to the veracity of the remaining allegations in Paragraph 8 of Plaintiffs' SAC, and therefore DENIES the same.

8.    Defendant DENIES Plaintiff Omni Innovations, LLC ("Omni") is an interactive computer service or Internet access service.  Defendant is without knowledge and information sufficient to form a belief with respect to the veracity of the remaining allegations in Paragraph 8 of Plaintiffs' SAC, and therefore DENIES the same.

9.    Defendant is without knowledge and information sufficient to form a belief with respect to the veracity of the allegations in Paragraph 9 of Plaintiffs' SAC, and therefore DENIES the same.

10.    Defendant DENIES all allegations contained in Paragraph 10 of Plaintiffs' SAC.

11.    Defendant is without knowledge and information sufficient to form a belief with

respect to the veracity of the allegations in Paragraph 11 of Plaintiffs' SAC, and therefore DENIES the same.

12.    Defendant is without knowledge and information sufficient to form a belief with respect to the veracity of the allegations in Paragraph 12 of Plaintiffs' SAC, and therefore DENIES the same.

13.    Defendant DENIES all allegations contained in Paragraph 13 of Plaintiffs' SAC.

14.    Defendant DENIES all allegations contained in Paragraph 14 of Plaintiffs' SAC.

15.    Defendant DENIES all allegations contained in Paragraph 15 of Plaintiffs' SAC.

16.    Defendant DENIES all allegations contained in Paragraph 16 of Plaintiffs' SAC.

17.    Defendant DENIES all allegations contained in Paragraph 17 of Plaintiffs' SAC.

18.    Defendant DENIES all allegations contained in Paragraph 18 of Plaintiffs' SAC.

19.    Defendant DENIES all allegations contained in Paragraph 19 of Plaintiffs' SAC.

20.    Defendant DENIES all allegations contained in Paragraph 20 of Plaintiffs' SAC.

21.    Defendant provides the section of Plaintiffs' SAC titled "Request for Relief" does not contain factual allegations which must be admitted or denied.  Defendant DENIES all allegations contained in the section of Plaintiffs' SAC titled "Request for Relief", and further DENIES Plaintiffs are entitled to any of their requested relief.


## II.  AFFIRMATIVE DEFENSES

Without admitting any of the allegations described in Plaintiffs' SAC, Defendant raises the following affirmative defenses:

1.1.    Plaintiffs are barred from obtaining any relief sought in the SAC because the SAC fails to state any claim upon which relief may be granted.

1.2.    Plaintiffs are barred from obtaining any relief because Plaintiffs failed to mitigate their alleged damages, if any.

1.3.    Plaintiffs are barred from obtaining any relief because Plaintiffs subscribed to receive commercial emails on which Plaintiffs base their SAC.

1.4.    Plaintiffs are barred from obtaining any relief sought in the SAC by reason of their

DEF. BMG COLUMBIA HOUSE, INC.'S ANSWER TO PLS.' SECOND AM. COMPL. [06-cv-01350-JCC] - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  own unclean hands.

2  1.5.  Plaintiffs are barred from obtaining any relief sought in the SAC because Plaintiffs

3  failed to unsubscribe utilizing unsubscribe links in the emails or other means reasonably

4  calculated to communicate to Defendant an intent to unsubscribe.

5  1.6.  Plaintiffs waived their claims.

6  1.7.  Plaintiffs are not entitled to damages from Defendant where Plaintiffs have already

7  been compensated by another entity for alleged damages allegedly caused by Defendant.

8  1.8.  Plaintiffs consented to all actions they complain about in their SAC, and therefore

9  Plaintiffs are not entitled to any relief.

10  1.9.  Plaintiffs ratified and approved all actions they complain about in their SAC, and

11  therefore Plaintiffs are not entitled to any relief.

12  1.10.  Plaintiffs' claims, and each of them, are barred by the doctrine of estoppel.

13  1.11.  Plaintiffs' claims, and each of them, are barred by the doctrine of laches.

14  1.12.  The damages alleged in Plaintiffs' SAC, if any, were not caused by Defendant;

15  rather, any damages suffered by Plaintiffs were caused by one or more third parties whose

16  activities were not approved, ratified, or controlled by Defendant.

17  1.13.  Plaintiffs have failed to join one or more necessary and indispensable parties.

18  1.14.  Defendant established and implemented, with due care, commercially reasonable

19  practices and procedures designed to effectively prevent the violations alleged in the

20  SAC.

21  1.15.  Defendant made commercially reasonable efforts to maintain compliance with

22  their practices and procedures designed to effectively prevent the violations alleged in the

23  SAC.

24  1.16.  To the extent any action by Defendant violates CAN-SPAM, Defendant acted

25  without actual knowledge, or knowledge fairly implied on the basis of objective

26  circumstances, of the act or omission that constitutes the violation.

27

28

DEF. BMG COLUMBIA HOUSE, INC.'S ANSWER
TO PLS.' SECOND AM. COMPL.
[06-cv-01350-JCC] - 4

**Newman & Newman,**
**Attorneys at Law, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1

2                          **III.  PRAYER FOR RELIEF**

3    WHEREFORE, Defendant requests that this Court:

4    1.    DISMISS Plaintiffs' SAC against Defendant alleged herein;

5    2.    DENY Plaintiffs the relief they seek;

6    3.    GRANT Defendant its reasonable costs and attorneys' fees incurred in defending

7    against Plaintiff's SAC; and

8    4.    GRANT such other and further relief to Defendant as the Court shall deem just and

9    equitable.

10

11        DATED this 16th day of April, 2007.

12                                        Respectfully Submitted,

13                                        **NEWMAN & NEWMAN,**
                                          **ATTORNEYS AT LAW, LLP**
14

15                              BY:    _____

16                                     Roger M. Townsend, WSBA No. 25525
                                       roger@newmanlaw.com
17                                     Derek A. Newman, WSBA No. 26967
                                       derek@newmanlaw.com
18                                     505 Fifth Avenue South, Suite 610
                                       Seattle, Washington 98104
19                                     Phone: (206) 274-2800
                                       Fax: (206) 274-2801
20
                                       -and-
21
                                       HANLY CONROY BIERSTEIN
22                                     SHERIDAN FISHER & HAYES, LLP

23
                                BY:    /s/ Steven M. Hayes
24                                     Steven M. Hayes (*pro hac vice pending*)
                                       Shayes@hanlyconroy.com
25
                                       Attorneys for Defendant BMG Columbia
26                                     House, Inc.

27

28