The Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; JAMES S. GORDON, JR., a married individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BMG COLUMBIA HOUSE, INC., a New York corporation; and JOHN DOES, 1-X,<br><br>                    Defendants. | NO.  06-cv-01350-JCC<br><br>**DEFENDANT BMG'S MOTION TO STAY THIS LITIGATION**<br><br>NOTE ON MOTION CALENDAR: May 25, 2007 |

## I.     INTRODUCTION

Defendant BMG Columbia House, Inc. ("BMG") hereby moves to stay this lawsuit pending resolution of another lawsuit brought by Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni Innovations, LLC ("Omni") alleging precisely the same claims before this Court. Gordon et al. v. Virtumundo et al., Case No. CV06-0204-JCC, W.D.Wash. (Coughenour, J.) ("Virtumundo"). Virtumundo is scheduled for trial on June 18, 2007. The complaints and causes of action alleged by Plaintiffs are virtually identical in each case. Thus, the resolution of Virtumundo may result in a dispositive issue preclusion/collateral estoppel effect on this case.

Plaintiffs seek only statutory damages and are; therefore, not suffering actual harm from the emails in question. In contrast, without a stay of proceedings in this case, the Court's resources are likely to be wasted and the parties will incur unnecessary legal fees

DEF. BMG'S MOTION TO STAY - 1
[06-cv-01350-JCC]

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

and costs.  Indeed, in three other cases involving Virtumundo and Omni, this Court has

ordered stays pending resolution of <u>Virtumundo</u>. *See* <u>Omni Innovations, LLC v.</u>

<u>SmartBargains.com, LP</u>, Case No. CV06-01129-JCC, W.D.Wash. (Coughenour, J.)

("<u>SmartBargains</u>") (Dkt. # 17), <u>Omni Innovations, LLC et al. v. Ascentive, LLC et al.</u>,

Case No. CV06-01284-TSZ, W.D.Wash. (Zilly, J.) ("<u>Ascentive</u>") (Dkt. # 75), and <u>Omni</u>

<u>Innovations, LLC v. Inviva Inc.</u>, Case No. 2:06-cv-01537-JCC (Coughenour, J.)

("<u>Inviva</u>") (Dkt. # 18).

## II.    FACTS

In this case, as in <u>Virtumundo</u>, the Plaintiffs allege violations of the CAN-SPAM

Act of 2003, 15 U.S.C. § 7701 et seq. ("CAN-SPAM") and the Washington Commercial

Electronic Mail Act (RCW 19.190) ("CEMA").  In both cases, each Plaintiff claims to be

a "provider of Internet access service" and an "interactive computer service" as defined in

CAN-SPAM and CEMA, respectively.[1] (*See* <u>Virtumundo</u>, First Amended Complaint

(Dkt. # 15) ¶¶ 3.2, 3.3**;** *see also* Plaintiffs' Second Amended Complaint ("SAC") (Dkt.

# 13) at ¶¶ 7-8.)  Plaintiffs' claimed CAN-SPAM and CEMA damages depend on their

alleged status as interactive computer services. (SAC at ¶¶ 18, 20.)

Also, in both cases Plaintiffs seek damages based upon the following theories:

13. Each of the E-mails misrepresents or obscures information in identifying
the point of origin or the transmission path thereof, and thereby violate the
Washington CEMA (19.190 et seq.), and further each of these E-mails
contains header information that is materially false or materially misleading
and thereby violate Federal CAN-SPAM Act of 2003 ( ). The foregoing
violations include without limitation: "subject" lines; "from" lines; and other
header information that does not match, or is missing or false, in the "from"
and "by" tokens in the Received header field.

14. On information and belief, Plaintiffs allege that some of the E-mails used
false, or misleading information in registering the domains from which the
subject E-mails were sent, and that numerous domains were used to send the
E-mails for no other purpose but to avoid spam filters, evade detection, and

---

[1] CAN-SPAM's definition of "Internet access service" is nearly identical to CEMA's definition of
"interactive computer service."  At 47 U.S.C. § 231(e)(4), CAN-SPAM defines an Internet access service as "a
service that <u>enables users to access</u> content, information, electronic mail, or other services offered <u>over the Internet</u>
..." (emphasis added).  CEMA's definition of "Internet service provider", at RCW 19.190.010(8), applies to a party
"that provides or <u>enables computer access</u> by multiple users to a computer server, including specifically a service or
system that provides access <u>to the internet</u> ..."(emphasis added)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  otherwise obscure the true point of origin of the E-mails.

2  (SAC at ¶¶ 13-14.)

3  Plaintiffs brought essentially identical claims in <u>Virtumundo</u>. (*See* <u>Virtumundo</u>,

4  First Amended Complaint (Dkt. # 15).)  In that case, the defendants moved for summary

5  judgment alleging, *inter alia*, (i) that Plaintiffs do not have standing because they are not,

6  and never were, an interactive computer service (or provider of Internet access service)

7  adversely affected by the subject emails; and (ii) that Plaintiffs' theories regarding an

8  email "from" line cannot give rise to a violation under CAN-SPAM or CEMA. (*See*

9  <u>Virtumundo</u>, Defendants' Motion for Summary Judgment (Dkt. # 98).)

10  Plaintiffs' novel theories asserted in <u>Virtumundo</u> are unsupported by case law,

11  adopted FTC rule or regulation, or express statutory language. (*See* <u>Virtumundo</u>,

12  Defendants' Motion for Summary Judgment (Dkt. # 98) at 16-28.)  In that case, Gordon

13  and Omni allege violations of CAN-SPAM and CEMA from emails they allege

14  defendants sent with an improper IP address and host name protocol, transfer token

15  information and other email header information. (<u>Id</u>.)  The basis of Plaintiffs' claims are

16  technical in nature and involve the intricacies and inner workings of email transmission

17  over the Internet.

18  **III.    ARGUMENT**

19      **A.    Standard for Granting a Stay of Proceedings.**

20  In the interest of judicial economy, the Court may exercise its inherent power to

21  stay proceedings until the resolution of a related matter that would resolve a dispositive

22  matter. *See* <u>Leyva v. Certified Grocers of California</u>, 593 F.2d 857, 863-64 (9th Cir.

23  1979) ("A trial court may, with propriety, find it is efficient for its own docket and the

24  fairest course for the parties to enter a stay of an action before it, pending resolution of

25  independent proceedings which bear upon the case."); *see also* <u>Silvaco Data Systems, Inc.</u>

26  <u>v. Technology Modeling Associates, Inc.</u>, 896 F. Supp. 973, 975 (N.D. Cal. 1995) ("in the

27  interest of wise judicial administration, a federal court may stay its proceedings where a

28  parallel state action is pending") (internal citation omitted).

DEF. BMG'S MOTION TO STAY - 3
[06-cv-01350-JCC]

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

"Collateral estoppel" or "offensive nonmutual issue preclusion" generally prevents a party from relitigating an issue that the party has litigated and lost. *See* <u>Catholic Social Servs., Inc. v. I.N.S.</u>, 232 F.3d 1139, 1152 (9th Cir. 2000).  The application of "offensive nonmutual issue preclusion" is appropriate if:

1.  there was a full and fair opportunity to litigate the identical issue in the prior action, *see* <u>Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1399 (9th Cir. 1992); <u>Resolution Trust Corp. v. Keating</u>, 186 F.3d 1110, 1114 (9th Cir. 1999); <u>Appling v. State Farm Mut. Auto Ins. Co.</u>, 340 F.3d 769, 775 (9th Cir. 2003);

2.  the issue was actually litigated in the prior action, *see* <u>Appling</u>, 340 F.3d at 775;

3.  the issue was decided in a final judgment, *see* <u>Resolution Trust Corp.</u>, 186 F.3d at 1114; and

4.  the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action, *see* <u>id.</u>

*See also* <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 (9th Cir. 2006); <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 322 (9th Cir. 1988).

**B.      A Stay Is Appropriate in This Case Because This Court Is Adjudicating Plaintiffs' Identical Claims in <u>Virtumundo</u>.**

If there is a judgment that Gordon and Omni do not have standing as an Internet access service in <u>Virtumundo</u>, then issue preclusion will be dispositive as to Plaintiffs' federal CAN-SPAM claims in the instant lawsuit.  Alternatively, if the Court rejects Gordon's and Omni's legal theories in <u>Virtumundo</u>, then those findings will apply to Plaintiffs' theories in the instant matter.

First, Plaintiffs are the same entities as the plaintiffs in <u>Virtumundo</u> and have had a full and fair opportunity to litigate the identical issue in the related action.  Plaintiffs have had an opportunity to make a record in <u>Virtumundo</u> and, if applicable, may advance any facts or testimony at trial that supports their claim to be an Internet access service.

Second, the matters of (i) whether Gordon or Omni have standing as an Internet access service that is adversely affected; and (ii) whether their novel theories give rise to a claim for statutory damages under CAN-SPAM or CEMA are before the Court in the

DEF. BMG'S MOTION TO STAY - 4
[06-cv-01350-JCC]

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   <u>Virtumundo</u> case.

2          Third, the matter is fully briefed and before the Court in <u>Virtumundo</u> on summary

3   judgment. Trial is scheduled for June 18, 2007. BMG merely requests a stay pending

4   resolution of that case and a final judgment. Finally, Plaintiffs are the identical plaintiffs

5   as in <u>Virtumundo</u> and, accordingly, the fourth prong of issue preclusion has been

6   satisfied.

7          All four factors weigh heavily in favor of granting a stay in the above-captioned

8   case. <u>Virtumundo</u> will have a dispositive effect on this case even if the decision applies

9   only to Plaintiffs' CAN-SPAM claims. The <u>Virtumundo</u> Court may dismiss Plaintiffs'

10  CAN-SPAM claims if it determines that Plaintiffs do not provide an Internet access

11  service. It would be a waste of resources if Omni is allowed to re-litigate the same issue

12  in this lawsuit. Furthermore, since Plaintiffs' CAN-SPAM and CEMA claims in this case

13  arise from the same collection of emails (SAC at ¶ 20-22), it will be far more efficient for

14  the parties and the Court to address the federal and state claims simultaneously, after the

15  potentially dispositive resolution of <u>Virtumundo</u>.

16          **C.     This Court Has Recently Granted a Stay in Three Similar Cases.**

17          This Court has already stayed two other cases involving the same issues and the

18  same Plaintiffs, thereby promoting judicial economy and avoiding the potential waste of

19  substantial attorney time and unnecessary pretrial motion practice. Defendants

20  respectfully request the Court grant a stay in this lawsuit for the same reasons it granted

21  them in the three previous cases. In <u>SmartBargains</u>, defendant SmartBargains.com, LP

22  moved this Court to stay that lawsuit pending resolution of <u>Virtumundo</u>. (<u>SmartBargains</u>,

23  Case No. CV06-01129-JCC, W.D.Wash., Motion to Dismiss Plaintiffs' CAN-SPAM

24  Claims or to Stay This Litigation (Coughenour, J.) (Dkt. # 13)). In their response,

25  Gordon and Omni did not oppose staying that litigation. (*See* <u>Id.</u>, Opposition to

26  Defendant's Motion to Dismiss Plaintiffs' CAN-SPAM Claims (Dkt. # 14)).

27  Subsequently, this Court ordered a stay in that case pending resolution of <u>Virtumundo</u>.

28  (<u>Id.</u>, Order (Coughenour, J.) (Dkt. # 17.))

DEF. BMG'S MOTION TO STAY - 5
[06-cv-01350-JCC]

**Newman & Newman,**
**Attorneys at Law, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    Similarly, the <u>Ascentive</u> defendants moved to stay that case pending resolution of

2    <u>Virtumundo</u>. (<u>Ascentive</u>, Case No. CV06-01284-TSZ, W.D.Wash., Motion to Dismiss

3    and to Stay This Litigation (Zilly, J.) (Dkt. # 65)).  Omni's only argument in response was

4    that <u>Ascentive</u> should not be stayed pending resolution in <u>Virtumundo</u> because the issue

5    of whether Omni has standing under CAN-SPAM as an Internet access service allegedly

6    could not affect Omni's state law CEMA claims.  (<i>See</i> <u>Id.</u>, Opposition to Defendants'

7    Motion to Dismiss and to Stay This Litigation (Dkt. # 69).)  As the defendants' reply

8    noted, Omni's sole argument was unavailing for at least three reasons:

> First, the <u>Omni</u> decision will have a dispositive effect on this case even if
> that decision applies only to Plaintiffs' CAN-SPAM claims...
>
> Second, CAN-SPAM's definition of "Internet access service" is nearly
> identical to CEMA's definition of "interactive computer service."...  In light
> of the clear similarities between the statutes, Plaintiffs' argument that the
> <u>Omni</u> court's ruling on CAN-SPAM "cannot possibly impact Omni's state
> law CEMA claims" (Response at 4:17-18) lacks credibility.
>
> Third, Plaintiffs' ability to define themselves as Internet access service
> providers is only <u>one</u> of the relevant issues to be determined in the
> [Virtumundo] case...

16   (<i>See</i> <u>Id.</u>, Defendants' Reply Re Motion to Dismiss and Stay (Dkt. # 70).)  Subsequently,

17   the <u>Ascentive</u> Court ordered a stay in that case pending resolution of <u>Virtumundo</u>. (<u>Id.</u>,

18   Minute Order (Zilly, J.) (Dkt. # 75.))

19   Most recently, this Court entered a stay in <u>Inviva</u> pending resolution of

20   <u>Virtumundo</u>. <i>See</i> <u>Inviva</u>, Dkt. # 18.  Like <u>SmartBargains</u> and <u>Acentive</u>, the motion for a

21   stay was based upon the commonality of facts and issues in the lawsuit.  After a full

22   briefing, the Court granted Inviva's motion.  In fact, Defendants are aware of no instance

23   in which a defendant was denied a stay against Plaintiffs in their anti-spam lawsuits

24   pending resolution of <u>Virtumundo</u>.  The overwhelming tide of factual and legal authority

25   supports granting a stay in this lawsuit.

26   In the event the Court declines to grant a stay in this case, then the parties will

27   have no alternative but to engage in pretrial litigation practice.  In discovery, BMG seeks

28   many of the same documents and issued many of the same requests for admission as

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   propounded by the defendants' counsel in the <u>Virtumundo</u> lawsuit.  Plaintiffs will likely

2   provide the same answers and the same documents.  In turn, the parties will take

3   depositions and develop much of the same record as in the related action.  These efforts

4   will take many months and consume substantial resources.  However, all of that time and

5   money could be for naught if the <u>Virtumundo</u> Court were to rule either that (i) Gordon or

6   Omni are not Internet access services adversely affected by emails or (ii) Gordon's and

7   Omni's novel theories lack merit.  Such rulings would eliminate Plaintiffs' CAN-SPAM

8   and CEMA claims in the instant lawsuit pursuant to the doctrine of offensive nonmutual

9   issue preclusion.

10      This case is in its nascent stages and the parties have just begun to devote

11  resources to conduct discovery and pretrial motion practice.  Balancing the lack of actual

12  damages to Plaintiffs against the unnecessary expenditure of resources, this Court should

13  grant a stay until such time as it makes a final adjudication of whether Plaintiffs have

14  standing and whether their email "from" line theories will prevail.

15

16  **IV.    CONCLUSION**

17      The Court should stay this litigation pending resolution of collateral issues in

18  <u>Virtumundo</u>.  This Court will resolve many of the same issues in that case as in this case –

19  including the threshold issue of whether Gordon and Omni have standing – and it would

20  be a gross waste of judicial resources and the resources of the parties to litigate this case

21  when the Court is already deciding the same issues in another matter.

22

23      DATED this 8th day of May, 2007.

24                                          **NEWMAN & NEWMAN,**
                                            **ATTORNEYS AT LAW, LLP**
25

26                                          _[signature]_

27          BY: _____
                                            Roger M. Townsend, No. 25525
28                                          _roger@newmanlaw.com_

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800