Douglas E. McKinley, Jr.
PO Box 202
Richland WA, 99352
(509) 628-0809

i.Justice Law, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 304-5400

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| **OMNI INNOVATIONS, LLC, a Washington Limited Liability company; JAMES S. GORDON, JR., a married individual,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**BMG COLUMBIA HOUSE, INC., a New York corporation; and JOHN DOES, I-X,**<br><br>**Defendants,** | **NO.** CV-06-1350-JCC<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT PERMANENTLY ENJOINING DEFENDANTS FROM SENDING COMMERCIAL EMAIL TO PLAINTIFF** |

Plaintiffs, by and through undersigned counsel, hereby move the Court for an order for partial summary judgment permanently enjoining Defendants from sending any further

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -1

**I.JUSTICE LAW, PC**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

commercial email to Plaintiffs .

## Legal Standard

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. A court must regard the evidence in the most favorable light to the nonmoving party. *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.,* 377 F.3d 408, 418 (4th Cir.2004). Once a summary judgment motion is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). There are no material facts in dispute, and this case is ripe for summary judgment as to the issues presented here.

**1.     There are No Material Issues of Fact to Preclude the Entry of a Permanent Injunction Prohibiting Defendants or Others on Defendants' Behalf from Sending Spam to Plaintiffs.**     Plaintiffs' Complaint includes a claim for a permanent injunction against Defendants.  It is indisputable that Plaintiffs Omni Innovations LLC and James S. Gordon Jr. (hereafter collectively "Gordon") have received numerous commercial electronic mail messages (hereinafter "spam") transmitted by, or on behalf of Defendants.  (See Declaration of James S. Gordon, Jr. submitted herewith).  It is likewise indisputable that Gordon never wanted to receive spam from Defendants, and that Gordon has made significant efforts to notify, and has notified Defendants of their desire not to receive spam from them (See Declaration of James S. Gordon, Jr. submitted herewith).  It is further indisputable that Gordon has been adversely affected by the receipt of spam from Defendants and others who send spam (See Declaration of James S. Gordon, Jr. submitted herewith).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -2

I.JUSTICE LAW, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

**2.    The Federal Can-Spam Act Requires Commercial Emailers such as Defendants to Stop Sending Spam to Recipients who Request Them to Stop.**   A permanent injunction under the CAN-SPAM Act of 2003, Pub. L. No. 108-187, 117 Stat. 2699 (2003), 15 U.S.C. §§ 7701-7713 (hereafter "CAN SPAM") preventing a party from sending unwanted further spam is well within precedent. In *Am. Online v. Smith,* the U.S. District Court for the Eastern District of Virginia enjoined a spammer from further sending spam to America Online and its customers on a summary judgment motion. *Am. Online v. Smith*, Civil Action No. 05-0344, 2006 U.S. Dist. LEXIS 4813, January 24, 2006. It is unfortunate that it has come to this. Generally, CAN SPAM actually requires a spammer to leave a party alone without the necessity of the intervention of a Court. However, where, as here, a defendant will not simply comply with CAN SPAM's requirements, an aggrieved party has no recourse except to ask for a Court to intervene. The requirement that a spammer leave a party alone at that party's request is crystal clear. 15 USC 7704(a)(4) provides:

> (4) PROHIBITION OF TRANSMISSION OF COMMERCIAL ELECTRONIC MAIL AFTER OBJECTION-
> (A) IN GENERAL- If a recipient makes a request using a mechanism provided pursuant to paragraph (3) not to receive some or any commercial electronic mail messages from such sender, then it is unlawful--
> (i) for the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message that falls within the scope of the request;
> (ii) for any person acting on behalf of the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message falls within the scope of the request;

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -3

I.JUSTICE LAW, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

>   (iii) for any person acting on behalf of the sender to assist in initiating the transmission to the recipient, through the provision or selection of addresses to which the message will be sent, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message would violate clause (i) or (ii); or
>   (iv) for the sender, or any other person who knows that the recipient has made such a request, to sell, lease, exchange, or otherwise transfer or release the electronic mail address of the recipient (including through any transaction or other transfer involving mailing lists bearing the electronic mail address of the recipient) for any purpose other than compliance with this Act or other provision of law.

As set forth in the Gordon Declaration, prior to filing this lawsuit, he repeatedly requested that Defendants stop sending spam to him by a variety of means, including those provided by the Defendants that purportedly allow Gordon to "opt out" of receiving their spam. However, Defendants ignored these repeated requests, and continued to send Gordon spam. Gordon further put Defendants on notice that he does not want to receive their spam by virtue of this lawsuit, and by providing the Defendants copies of the offending spam in discovery. Plaintiff's initial disclosures and his discovery responses contain all of the email addresses at Gordon's server to which Defendants have sent its spam. Defendants have again ignored this notice, and have continued to send Gordon spam throughout the pendency of this lawsuit.

Even if the Court were unwilling to believe that Gordon has made these repeated requests prior to filing this suit, and ignores the fact that this lawsuit served as further notice to the Defendants that Gordon doesn't want their spam, it becomes indisputable that Gordon is making the same request now. Pursuant to 15 USC 7704(a)(4)(A), Gordon hereby requests that Defendants, together with any person or persons acting on behalf of or in concert with

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -4

I.JUSTICE LAW, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

Defendants, cease and desist from initiating the transmission of all further email to any and all email addresses at any and all of the following domains hosted by Gordon's Internet Access Service:

Anthonycentral.com; Celiajay.com; Chiefmusician.net; Ehahome.com; Ewaterdragon.com; Gordonworks.com; Itdidnotendright.com; Jammtomm.com; Jaycelia.com; Jaykaysplace.com; Rcw19190020.com.

It is Gordon's position that he shouldn't have to bring this motion simply to have Defendants stop sending Gordon unwanted spam.  Under the CAN SPAM Act, if Gordon provides Defendants notice that he no longer wants Defendants to send Gordon spam, that should be the end of it.  Defendants are then required to stop sending spam to Gordon.  Gordon shouldn't have to file a federal lawsuit, and bring a motion for a permanent injunction, just to be left alone.  Nevertheless, the fact remains that Defendants continue to send spam to Gordon, despite the fact that neither Defendants nor this Court can possibly believe that Gordon wants them to continue to send him spam.

In this light, it will be interesting to see if Defendants even contest this motion.  One might expect that if Defendants intended to comply with the law, they would either stop sending spam to Plaintiff, or they would agree to the entry of an injunction.  If they do contest this Motion, the Court should take a keen interest in the motivations that cause Defendants to want to persist in

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -5

**I.JUSTICE LAW, PC**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

sending spam to Gordon indefinitely into the future. The fact is, Defendants have no legitimate reason, commercial or otherwise, to continue to send Gordon spam. All they have gained from doing so in the past is this lawsuit in Federal Court. Yet despite the fact that Gordon has sued them to get them to stop, Defendants have persisted in sending Gordon spam. One must wonder what possible motivation Defendants could have, beyond a rebellious yearning to openly flout the law, and a malicious desire to continue to harass Gordon.

If Defendants contest this motion, Defendants will undoubtedly argue that at some point in the distant past, through some unknown source, Gordon actually "subscribed" or "opted-in" to receive their spam. This allegation is false (See Gordon Declaration), but even if it were true, it is no longer relevant. The injunction requested by Gordon is prospective in effect, and Defendants are unquestionably on notice now that Gordon doesn't want their spam in the future. Given this request, the CAN SPAM Act clearly provides that they are to stop sending it.

### Conclusion

The Court should effectuate the purpose of the CAN SPAM Act, and enter an order that requires Defendants to stop sending spam to Plaintiffs. The Court's failure to do so will send the clear message to Plaintiffs, and others similarly situated, that they have no remedy whatsoever under the Federal Can-Spam statute. Such a result would undermine the clear intent of Congress in enacting that law.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS OMNI v. INVIVA -6

I.JUSTICE LAW, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

**RESPECTFULLY SUBMITTED** this 14th day of June, 2007.

DOUGLAS E. MCKINLEY, JR  
Attorney at Law

/S/ Douglas E. McKinley, Jr.  
Douglas E. McKinley, Jr., WSBA #20806  
Attorney for Plaintiffs

i.Justice Law, P.C.

/S/ Robert J. Siegel  
Robert J. Siegel, WSBA #17312  
Attorney for Plaintiffs

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS  
OMNI v. INVIVA -7

**I.JUSTICE LAW, PC**  
1325 Fourth Ave., Suite 940  
Seattle, WA 98101  
Phone: 206-304-5400  
Fax: 206-624-0717

## Certificate of Service

I, hereby, certify that on June 14, 2007, I filed the attached pleading with this Court via approved electronic filing, and served the following:

Attorneys for Defendants: Derek Newman, Roger Townsend, Newman & Newman.

**i.Justice Law, PC**

1325 Fourth Ave., Suite 940

Seattle, WA 98101

/s/ Robert J. Siegel

Attorneys for Plaintiffs.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ENJOINING DEFENDANTS
OMNI v. INVIVA -8

I.JUSTICE LAW, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717