THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington Limited Liability company; and JAMES S. GORDON, JR., a married individual,<br><br>Plaintiffs,<br><br>v.<br><br>BMG COLUMBIA HOUSE, INC., a New York corporation; and JOHN DOES, I-X,<br><br>Defendants. | NO. CV6-1350 JCC<br><br>DEFENDANT'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**Note on Motion Calendar:**<br>**July 13, 2007** |

## I.   INTRODUCTION

Plaintiffs' "Motion for Partial Summary Judgment Permanently Enjoining Defendants from Sending Commercial Email to Plaintiff" (the "Motion") is frivolous. The Motion fails to apply the proper standard for the equitable relief requested; Plaintiffs cite only the Fed. R. Civ. P. 56 standard under summary judgment, but fail to cite the heightened standard for injunctive relief. Applying the proper standard, Plaintiffs cannot demonstrate the irreparable harm necessary to grant injunctive relief. Indeed, this Court in *Virtumundo*, previously found that Plaintiffs did not even suffer an "adverse affect" from the receipt of commercial emails. If Plaintiffs cannot show adverse affect, then it necessarily follows that Defendants cannot show irreparable harm.

Furthermore, Plaintiffs cannot satisfy the Fed. R. Civ. P. 56 standard on summary judgment.

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO. CV6-1350 JCC) - 1

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

This case is not scheduled for trial until July 2008 and it is grossly premature for Plaintiffs to move for summary judgment. Discovery is just beginning and Plaintiffs cannot demonstrate the absence of disputed questions of fact regarding all of the elements of Plaintiffs claims and Defendant's affirmative defenses.

## II.   FACTS

**A.   Procedural history.**

The instant lawsuit is in its nascent stages. The parties have propounded written discovery requests, but responses are not due. (Townsend Decl. at ¶ 2.) No depositions have been conducted. (Townsend Decl. at ¶ 2.) Trial is scheduled for July 14, 2008. (Dkt. #15).

This Court, in *Gordon et al. v. Virtumundo et al.*, W.Dist.Wa. CASE NO. 06-0204-JCC (hereinafter "*Virtumundo*"), considered whether Plaintiffs qualify as an "Internet access service" (IAS) that was "adversely affected" by the alleged CAN-SPAM violations. *Virtumundo* (Dkt. #121 at 12.) The Court found that Plaintiffs operate a "spam business, which entails notifying spammers that they're violating the law and filing lawsuits if they do not stop sending e-mails to the Gordonworks domain." Id. at 2:15-17 (internal quotations omitted). The Court concluded that any harm to Plaintiffs was negligible and that it was "clear to the Court" that emails to Plaintiffs did not rise to the level of "adverse impact intended by Congress." Id. at 13.

The alleged email statute violations in *Virtumundo* occurred during the same time period as the alleged email statute violations in the present matter. In *Virtumundo*, plaintiffs alleged that email violations commenced in August 21, 2003 and continued until at least February 15, 2006. Id. at 2:19-3:2. In the present matter, Plaintiffs' alleged damages cover a substantially similar time period; commencing "from at least August 2003." Second Amended Complaint (Dkt. 13) at ¶ 7.

**B.   Disputed questions of fact.**

Plaintiffs allege that they properly unsubscribed to receiving emails from Defendants. The sole basis for this allegation is the Declaration of James Gordon Jr. and the exhibits thereto.

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO.  CV6-1350 JCC) - 2

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

1  (Dkt. # 21)  Plaintiffs, however, did not unsubscribe in the manner provided in the email or other

2  qualifying mechanism under 15 U.S.C. § 7704(3).  Plaintiffs have consistently refused to click

3  on the unsubscribe links in emails received from Defendants.  Rather, Plaintiffs unsubscribed in

4  means and manner that they elect (*e.g.*, "Notice of Offer to Receive Unsolicited Commercial

5  Email (SPAM)", Dkt. # 21-4).

6  In addition to the question or whether Plaintiffs unsubscribed (i.e., "opted-out") through a

7  means proscribed in CAN-SPAM § 7704(3), the record is incomplete whether Plaintiffs provided

8  affirmative consent (i.e., "opted-in") to receive emails from Defendants or their affiliates.

9  Indeed, Plaintiffs acknowledge that this has been an issue in Plaintiffs prior litigation under

10  CAN-SPAM.  (*See* Motion at 6:10-16).  In prior cases, including *Virtumundo*, defendants have

11  alleged that Plaintiffs opt-in to receive commercial emails to create "spam traps" to bring

12  litigation.  (*See Virtumundo,* Dkt. # 98 at 19).

13  **C.    Suppression of Plaintiffs Domain Names.**

14  Plaintiffs seek injunctive relief to prevent the transmission of unsolicited commercial

15  emails to 11 domain names listed in the Second Amended Complaint: Anthonycentral.com;

16  Celiajay.com; Chiefmusician.net; Ehahome.com; Ewaterdragon.com; Gordonworks.com;

17  Itdidnotendright.com; Jammtomm.com; Jaycelia.com; Jaykaysplace.com; and

18  Rcw19190020.com (collectively, "Plaintiffs' Domain Names").  (*See* Dkt. #13 at ¶ 9.)  In light of

19  Plaintiffs' assertions, BMG has undertaken efforts to suppress any emails from being sent to

20  Plaintiffs' Domain Names.  It is BMG's practice that, prior to transmission of any email

21  campaign by BMG or its affiliates, the email address transmission list is compared against a

22  suppression list created and maintained by BMG.  Any email addresses on the email address

23  transmission list are "scrubbed" against the suppression list and emails in the campaign are

24  prevented from being transmitted to those email addresses.  All email addresses at Plaintiffs'

25  Domain Names have been included in the suppression list so that any future emails sent by BMG

26  or its affiliates should not be sent to Plaintiffs' Domain Names.  (Rosen Decl. at ¶¶ 2-4.)

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO.  CV6-1350 JCC) - 3

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

### III.    ARGUMENT AND AUTHORITY

**A.    Plaintiffs cannot satisfy the standard for a permanent injunction.**

In support of their motion for summary judgment granting a permanent injunction, Plaintiffs rely only on the Fed. R. Civ. P. 56 summary judgment standard.  However, in seeking a permanent injunction, plaintiffs need to satisfy the equitable standard for injunctive relief.  The United States Supreme Court recently articulated the applicable standard as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate:
>
> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction.
>
> The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006).  Plaintiffs fail to cite the proper standard or plead grounds pursuant to which equitable relief should be granted.

Furthermore, based upon the Court's findings in *Virtumundo*, it is clear that Plaintiffs cannot meet the proper standard for a permanent injunction.  This Court has found that Plaintiffs <u>were not adversely affected</u> by emails during the period applicable to this lawsuit.  Such finding is dispositive in the instant motion under the doctrine of collateral estoppel/issue preclusion. "Collateral estoppel" or "offensive nonmutual issue preclusion" prevents a party from relitigating an issue that the party has litigated and lost.  *See* Catholic Social Servs., Inc. v. I.N.S., 232 F.3d 1139, 1152 (9th Cir. 2000).  In the Ninth Circuit, the application of "offensive nonmutual issue preclusion" is appropriate if:

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO.  CV6-1350 JCC) - 4

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

1. there was a full and fair opportunity to litigate the identical issue in the prior action, *see* Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1399 (9th Cir. 1992); Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1114 (9th Cir. 1999); Appling v. State Farm Mut. Auto Ins. Co., 340 F.3d 769, 775 (9th Cir. 2003);
2. the issue was actually litigated in the prior action, *see* Appling, 340 F.3d at 775;
3. the issue was decided in a final judgment, *see* Resolution Trust Corp., 186 F.3d at 1114; and
4. the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action, *see* id.

*See also* Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006); Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

The Court's finding that Plaintiffs were not adversely affected by emails during the subject period meets the Ninth Circuit's test for offensive nonmutual issue preclusion. First, Plaintiffs had a full and fair opportunity to litigate the identical issue in *Virtumundo*. Second, the issue of adverse affect was litigated and was the basis for the Court's ruling. Third, final judgment was entered in favor of Defendants. *See Virtumundo* at Dkt. # 122. Finally, Plaintiffs are the identical parties to the *Virtumundo* action.

In light of the judicial finding that Plaintiffs were not adversely affected, it is clear that Plaintiffs cannot meet the heightened standard necessary for issuing injunctive relief. Injunctive relief requires that Plaintiffs demonstrate, amongst other things, that it has suffered irreparable harm. Plaintiffs fall grossly short of meeting that standard. Not only have they not been irreparably harmed, but they have not even been adversely affected.

Furthermore, BMG has taken steps to suppress emails from being sent to Plaintiffs Domain Names. Plaintiffs Domain Names have been included in BMG's suppression list and, subject to unforeseen technical difficulties, no further emails will be sent to Plaintiffs Domain Names. (*See* Rosen Decl.) Because BMG has included Plaintiffs Domain Names on its email

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO. CV6-1350 JCC) - 5

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

1  suppression list, Plaintiffs should not receive future emails and will not suffer irreparable harm
2  should the permanent injunction not issue.

**B.  Plaintiffs cannot demonstrate a likelihood of prevailing on the merits of their can-spam claim.**

In addition to failing to satisfy the standard for injunctive relief, Plaintiffs fail to satisfy the standard for summary judgment.  The self-serving declaration of Plaintiff James Gordon does not raise a genuine issue of material fact. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); FTC v. Publishing Clearing House, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact").  Plaintiffs can not establish beyond any question for the trier of fact that for each element of a CAN-SPAM violation.  Fed. R. Civ. P. 56(c). (Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.") Summary judgment is not appropriate if, resolving all ambiguities and drawing all inferences against the Plaintiffs, there exists a dispute about a material fact "such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

At this stage in this lawsuit, Plaintiffs cannot meet their burden of demonstrating that there is no issue as to any material fact regarding any essential element or defense in under CAN-SPAM.  The declaration of James Gordon Jr. and its exhibits demonstrate that Gordon has provided notice of desire to opt-out of receiving emails from Defendant through means <u>other than</u> the mechanisms provided pursuant to CAN-SPAM § 7704(3) (i.e., the unsubscribe link provided in the emails).  CAN-SPAM provides a safe haven for claims if the plaintiff has given his/her "affirmative consent" for the receipt of emails from the defendant.  15 USC § 7704(a)(4)(B) ("A prohibition in subparagraph (A) does not apply if there is affirmative consent

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO.  CV6-1350 JCC) - 6

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

by the recipient subsequent to the request under subparagraph (A).").[1]  Plaintiffs cannot demonstrate that Defendants could not, after the conclusion of discovery, raise a genuine question of fact whether Plaintiffs provided affirmative consent to the receipt of emails from Defendant. Similarly, Plaintiffs cannot demonstrate that:

(i)  Plaintiffs "ma[de] a request using a mechanism provided pursuant to [§ 7704] paragraph (3)";

(ii)  that Defendant failed to honor the request "more than 10 business days after the receipt of such request"; or

(iii)  that Defendant had "actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that [an email] message falls within the scope of" a proper request to opt-out of future emails.

15 U.S.C. § 7704(d)[2]  Summary Judgment in favor of Plaintiffs is premature at this stage of this lawsuit and should be denied.

---

[1] CAN-SPAN, at 15 U.S.C. § 7702, defines affirmative consent as follows:
(1) **Affirmative consent**
The term "affirmative consent", when used with respect to a commercial electronic mail message, means that—
(A) the recipient expressly consented to receive the message, either in response to a clear and conspicuous request for such consent or at the recipient's own initiative; and
(B) if the message is from a party other than the party to which the recipient communicated such consent, the recipient was given clear and conspicuous notice at the time the consent was communicated that the recipient's electronic mail address could be transferred to such other party for the purpose of initiating commercial electronic mail messages.

[2] § 7704(4) provides, in pertinent part, as follows:
**Prohibition of transmission of commercial electronic mail after objection**
(A) **In general**
If a recipient makes a request using a mechanism provided pursuant to paragraph (3) not to receive some or any commercial electronic mail messages from such sender, then it is unlawful—
(i) for the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message that falls within the scope of the request;
(ii) for any person acting on behalf of the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message falls within the scope of the request;
(iii) for any person acting on behalf of the sender to assist in initiating the transmission to the recipient, through the provision or selection of addresses to which the message will be sent, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message would violate clause (i) or (ii) .
. . .

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO. CV6-1350 JCC) - 7

LAW OFFICES
BRESKIN JOHNSON & TOWNSEND, PLLC
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

**C.   In the alternative, the court should permit the parties to conduct discovery and stay the present motion pursuant to Fed. R. Civ. P. 56(f).**

In the event that the Court does not deny Plaintiffs' motion outright, Defendant respectfully requests that the Court deny or continue Plaintiffs' motion pursuant Fed. R. Civ. P. 56(f). Fed. R. Civ. P. provides for denial of a motion for summary judgment "or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Defendant requests more time to conduct discovery should this Court reach the issue.

## VI.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the motion for summary judgment be denied.

DATED this 9th day of July, 2007.

By:   s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525

BRESKIN JOHNSON & TOWNSEND, PLLC
999 Third Avenue, Suite 4400
Seattle, Washington 98104-4088
(206) 652-8660
(206) 652-8290 Fax
rtownsend@bjtlegal.com

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO.  CV6-1350 JCC) - 8

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Roger M. Townsend**
  rtownsend@bjtlegal.com; dsmith@bjtlegal.com

- **Robert Siegel**
  i.Justice Law, P.C.
  Email: bob@ijusticelaw.com

- **Douglas McKinley**
  Law Office of Douglas E. McKinley
  Email: doug@mckinleylaw.com

- **Derek A. Newman**
  Newman & Newman LLP
  Email: dn@newmanlaw.com

By\_\_\_\_s/ Roger M. Townsend

Roger M. Townsend, WSBA #25525
rtownsend@djtlegal.com
999 Third Avenue, Suite 4400
Seattle, WA 98104-4088
Phone: (206) 652-8660
Fax: (206) 652-8290

Attorneys for Defendant BMG

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
(NO. CV6-1350 JCC) - 9

LAW OFFICES
**BRESKIN JOHNSON & TOWNSEND, PLLC**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104-4088
(206) 652-8660, (206) 652-8290 FAX

572398.1/025569.00001