1  Douglas E. McKinley, Jr.                          HONORABLE JOHN C. COUGHENOUR
   PO Box 202
2  Richland, WA 99352
   (509) 628-0809
3

4  i.Justice Law, P.C.
   Robert J. Siegel
5  1325 Fourth Ave., Suite 940
   Seattle, WA 98101
6  (206) 304-5400

7

8

9

10

11
                            UNITED STATES DISTRICT COURT
12
                           WESTERN DISTRICT OF WASHINGTON
13
                                      AT SEATTLE
14

15 | OMNI INNOVATIONS, LLC, a
   | Washington Limited Liability                  CASE NO. C06-1350-JCC
   | Company; and JAMES S. GORDON,
16 | JR., a married individual,
                                                   COUNSEL'S REPLY RE: MOTION
17 |               Plaintiffs,                     FOR LEAVE TO WITHDRAW AS
                                                   COUNSEL AND TO FILE
18 | v.                                            DECLARATIONS UNDER SEAL

19 | BMG COLUMBIA HOUSE, INC., a                   NOTE FOR HEARING:
   | New York corporation; and JOHN                August 31, 2007
20 | DOES, I-X,

21 |               Defendants.

22

23

24

25 **COUNSEL'S REPLY RE: MOTION FOR LEAVE**            i.Justice Law, P.C.
   **TO WITHDRAW AS COUNSEL AND TO FILE**             1325 Fourth Ave., Suite 940
   **DECLARATIONS UNDER SEAL** - 1                        Seattle, WA 98101
                                                        Phone: 206-621-5804
                                                         Fax: 206-624-0717
   OMNI v. BMG

1  In Mr. Gordon's "Memorandum and Declaration" in opposition to counsel's
2  motion to withdraw, Mr. Gordon sets forth numerous factual allegations against
3  Mr. Siegel and Mr. McKinley (hereafter "counsel").  Mr. Gordon apparently
4  believes these allegations will somehow serve as a basis for the Court to require
5  counsel to continue to represent Mr. Gordon and/or Omni Innovations, LLC
6  (hereafter "Gordon").  However, quite the contrary, Gordon's allegations actually
7  bolster counsel's argument that this Court should grant counsel's motion to
8  withdraw.

10  The Court need not determine whether Gordon's allegations are true or false
11  to decide the much more narrow question of whether counsel should be compelled
12  to continue to represent Gordon in this case.  Accordingly, counsel is not going to
13  provide a detailed response to Gordon's allegations except as follows:

15  Counsel denies that any of Gordon's cases were brought for any reason other
16  than Gordon's professed desire, and authorization to bring those cases.  Gordon's
17  allegations to the contrary are, at a minimum, suspect on their face, as without
18  Gordon first identifying and producing the offending spam, as well as the party
19  responsible for sending it, initiating these cases would have been virtually
20  impossible.  Further, Gordon's allegation in this regard is patently belied by that
21  part of Gordon's complaining that counsel didn't bring MORE of his cases.  Prior
22  to counsel ever becoming involved with Gordon, Gordon had begun initiating
23  "spam lawsuits" on his own, pro se, and as recently as this month, Gordon has

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 2

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

OMNI v. BMG

initiated further pro se proceedings in the Washington State Superior Courts against parties named in his federal lawsuits. By his words and actions, Gordon has demonstrated beyond the shadow of any doubt that Gordon himself was the driving force behind all of his various lawsuits. Gordon's attempt to blame counsel for Gordon's "litigation factory" is entirely without merit.

Counsel further denies the allegation, or any implication that Gordon has "paid" counsel for representing Gordon in his pending cases. It is simply untrue. Counsel denies that Gordon has not been provided a complete accounting of all costs and fees related to counsel's representation of Gordon. Counsel denies that any of Gordon's funds held in counsel's IOLTA trust fund have been used improperly. Finally, counsel emphatically and unequivocally denies each and every one of Gordon's remaining allegations.

That being said, counsel draws the Court's attention to the inescapable conclusion that the very fact that Gordon has made these allegations compels the court to grant counsel's motion to withdraw as counsel.

As set forth in his "Memorandum and Declaration," Gordon has filed a Bar Grievance and a criminal complaint against counsel. As set forth in counsel's motion to withdraw, Gordon has further threatened to bring a malpractice lawsuit against counsel. Given Gordon's serious charges and complaints against counsel, it is simply amazing that Gordon would even want counsel to continue to represent

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 3

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

OMNI v. BMG

him.  Counsel is at a loss to understand why Gordon would want counsel to continue to represent him if he truly believed counsel has violated the ethical rules, committed criminal acts against him, and committed malpractice.  Regardless of the inherent contradictions of Gordon's accusations against counsel and his professed desire to continue to be represented by counsel, by taking these actions and making these allegations, Gordon has effectively destroyed the attorney client relationship to the point where it is impossible for counsel to continue to simultaneously represent Gordon and comply with the Rules of Professional Conduct (RPCs).

In *WHITING v. LACARA*, 187 F.3d 317; (1999) U.S. App. LEXIS 19952, the United States Court Of Appeals For The Second Circuit considered a similar factual circumstance, where, as is the case here, an attorney's advice had been ignored, the attorney had been threatened with a malpractice suit, and the attorney then sought to withdraw.  The appeals court ruled that forcing the attorney to continue in this circumstance was an abuse of discretion, commenting:

> We have determined that "an attorney who continues to represent a client despite the inherent conflict of interest in his so doing [due to possible Rule 11 sanctions] risks an ethical violation." *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 623 (2d Cir. 1991) (citing *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1471 (2d Cir. 1988), rev'd on other grounds, 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989)). In this case, appellee's belief that he can dictate to Lacara how to handle his case and sue him if Lacara declines to follow those dictates leaves Lacara in a position amounting to a functional conflict of interest. If required to continue

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 4

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

OMNI v. BMG

represent Whiting, Lacara will have to choose between exposure to a malpractice action or to potential Rule 11 or other sanctions. To be sure, such a malpractice action would have no merit. However, we have no doubt it would be actively pursued, and even frivolous malpractice claims can have substantial collateral consequences. *WHITING v. LACARA*, 187 F.3d 317, 323.

Counsel has either stayed, or has pending motions seeking a stay, of all of Gordon's pending lawsuits. As such, Gordon will have plenty of time to insure that no prejudice results from counsel's withdrawal. In light of Gordon's very serious accusations against counsel, this Court should immediately grant Mr. Siegel and Mr. McKinley's motions to withdraw.

DATED this 30th day of August, 2007.

**i.Justice Law, P.C.**

_____
Douglas E. McKinley, WSBA #20809
Attorneys for Plaintiffs


_____
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

**COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL** - 5

OMNI v. BMG

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

## Certificate of Service

I, hereby, certify that on August 30, 2007, I filed the subjoined pleading with this Court via approved CMECF electronic filing, that electronically serves Attorneys for Defendants:

I also certify that that on August 30, 2007, I served the subjoined pleading upon plaintiff James S. Gordon, Jr. electronically by email, and by regular US mail, postage prepaid.

/s/ Robert J. Siegel
Robert J. Siegel

COUNSEL'S REPLY RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO FILE DECLARATIONS UNDER SEAL - 6

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-621-5804
Fax: 206-624-0717

OMNI v. BMG